<u>NOT FOR PUBLICATION</u>

## <u>UNITED STATES DISTRICT COURT</u>
## <u>FOR THE DISTRICT OF NEW JERSEY</u>

_____
                                                    :
ENZYMOTEC LTD.,                                     :
                                                    :
                    Plaintiff,                      :
                                                    :          Civil Action No. 08-5527 (JAG)
            v.                                      :
                                                    :                  **OPINION**
CRAYHON RESEARCH, INC.,                             :
                                                    :
                    Defendant.                      :
_____:

<u>**GREENAWAY, JR., U.S.D.J.**</u>

This matter comes before this Court on the motion (Docket Entry No. 9), filed by

Defendant, to set aside the Clerk's entry of default against it, pursuant to FED. R. CIV. P. 55(c).

For the following reasons, Defendant's motion to set aside the Clerk's entry of default will be

granted.[1]

### I. Facts

In or about October 2007, Plaintiff and Defendant entered into an agreement (The

"Agreement"). (Compl. ¶ 7.) Pursuant to this Agreement, Plaintiff was to sell and Defendant

was to purchase various products developed by Plaintiff. (Id.) Ordinarily, after delivery of

Plaintiff's products, Plaintiff issued a consignment invoice to Defendant once Defendant

_____

[1] This Court has subject-matter jurisdiction, pursuant to 28 U.S.C. § 1332(a), because the
amount in controversy exceeds $75,000 and is between parties who are citizens of different
states.

1

informed Plaintiff that it (Defendant) had shipped said products to its customers or manufacturer. (Id. at ¶ 9.)

On or about May 22, 2008, Plaintiff transmitted four invoices to Defendant,[2] totaling $132,180.00, payable on or before July 21, 2008.  (Id. at ¶ 12.)  The balances due for these invoices remain outstanding.  (Id. at ¶ 13.)

Plaintiff proceeded to file the instant action by filing a complaint on November 11, 2008. (Docket Entry No. 1.)  Defendant was served with a copy of the complaint and summons on December 1, 2008.  (Docket Entry No. 5.)  On December 10, 2008, Defendant contacted Epstein & Gilberti, LLC ("Epstein") to discuss possibly retaining that firm in connection with this matter. (Decl. of Michael V. Gilberti ¶ 4.)  Over the next two weeks, discussions continued between Defendant and Epstein, and Defendant retained Epstein.  (Id. at ¶ 5.)  During the same period, Defendant was gathering and forwarding all relevant documents to Epstein.  (Id.)

On December 31, 2008, Plaintiff submitted a request for the Clerk's entry of default judgment against Defendant.  (Docket Entry No. 6.)  That same day, the Clerk entered default against Defendant.  (Docket Entry No. 8.)  Unaware of this, on January 5, 2009, Defendant's counsel contacted Plaintiff's counsel, Joseph Tripodi, to request an extension for filing a responsive pleading.  At that time, Plaintiff's counsel informed Defendant's counsel that he had

---

[2] These invoices bear the following numbers and corresponding amounts due:

| Invoice No. | Amounts Due |
|---|---|
| CON080012 | $21,000.00 |
| CON080013 | $69,300.00 |
| CON080014 | $21,600.00 |
| CON080015 | $20,280.00 |

(Compl. ¶ 12.)

filed a notice of default.  (Decl. of Michael V. Gilberti ¶ 7.)  Defendant's counsel asked if Plaintiff's counsel would voluntarily consent to vacating the default, and Plaintiff's counsel said he would check with his client.  (Id.)

The following week, Defendant's counsel telephoned Plaintiff's counsel twice to follow up on his initial request that Plaintiff voluntarily vacate the default.  (Decl. of Michael V. Gilberti ¶ 8.)  Each time, Plaintiff's counsel said he had not yet spoken with his client regarding this request.  (Id.)  On January 12, 2009, Defendant's counsel sent Plaintiff's counsel an e-mail requesting a decision from Plaintiff on or before January 4, 2009.  (Id. at ¶ 9.)  Two days later, on January 14, Defendant's counsel received an e-mail from Michael Markoff, Plaintiff's co-counsel, requesting more information.  (Id. at ¶ 10.)  On January 15, 2009, Defendant filed a motion to vacate default judgment.  Defendant's proposed answer is attached as Exhibit 4 to Michael Gilberti's declaration in support of its motion.  (Decl. of Michael V. Gilberti ¶ 15.)

## II. Standard

A district court can enter default judgment pursuant to FED. R. CIV. P. 55(b)(2), which states:

> In all other cases, the party must apply for a default judgment.  A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or representative must be served with written notice of the application at least 3 days before the hearing.  The court may conduct hearings or make referrals-preserving any federal statutory right to a jury trial-when, to enter or effectuate judgment, it needs to:
>     (A) conduct an accounting;
>     (B) determine the amount of damages;
>     (C) establish the truth of any allegation by evidence; or
>     (D) investigate any other matter.

FED. R. CIV. P. 55(b)(2).  Ultimately, the decision whether to enter default judgment in any given case "is left primarily to the discretion of the district court."  Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984).  See also F.T.C. v. Packers Brand Meats, Inc., 562 F.2d 9, 11 (8th Cir. 1977).

Pursuant to FED. R. CIV. P. 55(c), a "court may set aside an entry of default for good cause, and may set aside a default judgment under Rule 60(b)."  Rule 60(b) authorizes a district court to relieve a party from default judgment for various reasons, including mistake, excusable neglect, or "any other reason justifying relief from the operation of judgment."  FED. R .CIV. P. 60(b).  Relief under Rule 60(b) is "'extraordinary, [however,] and special circumstances must justify granting relief under it.'"  Moolenaar v. Gov't of V.I., 822 F.2d 1342, 1346 (3d Cir. 1987) (quoting Page v. Schweiker, 786 F.2d 150, 158 (3d Cir. 1986)).  The decision to set aside a default judgment, like the decision to grant a default judgment, is left "primarily to the discretion of the district court."  U.S. v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984) (citing Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951)).

The Third Circuit mandates that a district court "consider the following factors in exercising its discretion in granting or denying a motion to set aside a default judgment under Rule 60(b)(1): (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct."  $55,518.05 in U.S. Currency, 728 F.2d at 195 (citing Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 122 (3d Cir. 1983); Feliciano v. Reliant Tooling Company. Ltd., 691 F.2d 653, 656 (3d Cir. 1982); Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982)).  "[D]oubtful cases [are] to be resolved in favor of the party moving to set aside the default

4

judgment 'so that cases may be decided on their merits.'" $55,518.05 in U.S. Currency, 728 F.2d at 195 (quoting Tozer, 189 F.2d at 245). "[T]here would be no point in setting aside the default judgment" if the defendant could not demonstrate the possibility of his success on the merits. $55,518.05 in U.S. Currency, 728 F.2d at 195.  In addition, a party who seeks to set aside a judgment under Rule 60(b) must demonstrate that "absent relief, an 'extreme' and 'unexpected' hardship will result." Mayberry v. Maroney, 558 F.2d 1159, 1163 (3d Cir. 1977) (quoting U.S. v. Swift & Co., 286 U.S. 106, 119 (1932)).

In the case of a Clerk's entry of default, the Third Circuit has held that "[l]ess substantial grounds may be adequate for setting aside a [Clerk's entry of] default than would be required for opening a [default] judgment." Feliciano v. Reliant Tooling Company. Ltd., 691 F.2d 653, 656 (3d Cir. 1982).  Still, though "the standards for the two situations are not always the same," the court's analysis should include the same three factors that it would consider if it were considering setting aside a default judgment.  Id.

### III. Analysis

In the present case, Defendant satisfies all three factors established by the Third Circuit to set aside default.  First, the delay in submitting an answer does not appear to be the result of Defendant's culpable conduct.  The parties' ongoing discussion addressing Defendant's counsel's request for an extension, his request for Plaintiff to voluntarily vacate default (Decl. of Michael V. Gilberti ¶ 7), and Defendant's submission of its proposed Answer (id. at ¶ 15) demonstrate that Plaintiff should have been aware of Defendant's active engagement in this matter.  The delay in response to the Complaint is attributed to Defendant's pursuit of counsel and the subsequent communication between Plaintiff's and Defendant's counsel, and is

5

consequently not the result of Defendant's deliberate neglect or evasion of its responsibilities.

Second, Plaintiff will not be prejudiced by setting aside default judgment. A party is prejudiced by the entry of default judgment "[if] its ability to pursue [a] claim has been hindered or [if] any relevant evidence [is] lost." Emcasco Ins. Co. v. Smabrick, 834 F.2d 71, 74 (3d Cir. 1987). Furthermore, "[d]elay in realizing satisfaction on a claim" generally does not establish "prejudice [to the Plaintiff] sufficient to prevent the opening of a default." Feliciano, 691 F.2d at 657 (citing Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 245 (3d Cir. 1951)). Plaintiff's counsel was contacted by Defendant's counsel only one week after the Clerk's entry of default. Given the short amount of time between the Clerk's entry of default and Defendant's counsel's initial communication with Plaintiff's counsel, it is unlikely that Plaintiff has suffered any real setback in developing its case. This Court concludes that Plaintiff will not be prejudiced by setting aside default.

Finally, Defendant asserts that it has a "meritorious defense," and has prepared an answer. Defendant proffers that one of the conditions of the consignment agreement entered into by both parties was that Defendant was to pay for materials once they were sent out for manufacture. (Decl. of Michael V. Gilberti ¶¶ 14-15.) Defendant further argues that since the materials in question were not sent out, Defendant is therefore not responsible for the payment of these materials. (Id.) This contention demonstrates (1) that the facts surrounding both the agreement and subsequent transactions between Plaintiff and Defendant are still in dispute, and (2) that Defendant's "'allegations . . . if established at trial, would constitute a complete defense.'" $55,518.05 in U.S. Currency, 728 F.2d at 195 (quoting Tozer, 189 F.2d at 244). This further supports Defendant's request to vacate default.

6

The motions — both Plaintiff's and Defendant's — call upon this Court to exercise its discretion.  See Hritz, 732 F.2d at 1180 (addressing the grant of a default judgment); $55,518.05 in U.S. Currency, 728 F.2d at 194 (focusing on relief from a default judgment).  The Third Circuit recommends that district courts adjudicate matters on the merits rather than on procedural grounds.  See, e.g., Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982) ("in close case[s] doubts should be resolved in favor of setting aside the default and obtaining a decision on the merits.")

This Court finds that Defendant satisfies all three factors required by the Third Circuit to vacate default judgment: (1) Plaintiff is not prejudiced; (2) Defendant has a meritorious defense; and (3) default was not the result of Defendant's culpable conduct.  As such, Defendant's conduct does not rise to the level of deliberate neglect or abrogation of duty.  This Court concludes that it would be inappropriate to impose such a harsh sanction — default judgment — upon Defendant.  Thus, Defendant's motion will be granted.

### IV. Conclusion

For the above mentioned reasons, this Court will grant Defendant's motion to set aside the Clerk's entry of default.


 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.


Dated: July 20, 2009

7